Haui, Judge.
 

 The case states that the plaintiff introduced the original record of the trial, for the purpose of supporting the second count in his declaration, which was for a malicious prosecution; and that this evidence was objected to by the defendant's counsel, on the ground that an act of Assembly required the production of a certified copy, and not of the originalrecord in such a case. The act of Assembly relied upon has not. been pointed
 
 out;
 
 and tiic regret is the less, as the plaintiff has failed, upon that count in his declaration, and the defendant can have no interest in further examining the question.
 

 With respect to the testimony introduced by the plaintiff, in reference to the plea of the statute of limitations, the objection taken cannot be sustained. The witness-stated, that the words were spoken after the trial of the indictment in the County Court. It was surely competent for the plaintiff to prove- by the record, when the trial took
 
 place;
 
 and the record for that purpose was entirely sufficient.
 

 With respect to the claim which the defendant may have for a new trial, on account of the damages being excessive, it is sufiicierit to say, that the judge of the Superior Court, who tried the cause, was the sole judge of that question. He has stated, that he was satisfied with the verdict. This court did not hear the evidence, and of course ought not, and cannot control any opinion of the judge below, formed upon that evidence.
 

 Per Curiam. — Judgment affirmed-