This action was brought under Bat. Rev., ch. 45, §§ 121, 122, 123, to recover damages for the pecuniary injury resulting from the death of Edward Conigland, (intestate of plaintiff) alleged to have been caused by the negligence of the defendant company. The statement of the case of appeal, sent up with the record proper, states that no special requests for instructions to the jury on the part of the defendant were refused, and that no exception was taken to any direction that was given, and so, the attention of this court is to be given to the matters assigned for error in the progress of the trial, and in the law as laid down to the jury by the judge.
In the course of the trial, the plaintiff, among other proofs adduced upon the point of the quantum of damages resulting from the death of his intestate by the alleged negligence and default of defendant, proved, against the *Page 506 
objection of defendant, by one Gooch, that the intestate at the time of his death was administrator of the estate of J. L. Long, deceased, worth in all about twenty-two thousand dollars, and indebted to its full value, and requiring a sale and application of the whole of it to his debts. He also proved that intestate had collected and administered only five thousand of the assets, leaving the residue worth about seventeen thousand dollars, to be administered by the witness, who succeeded him as administrator de bonisnon, and that the usual commissions allowed was from two and a half to five per cent on the receipts and disbursements, according to the amount of the estate and the trouble and difficulty in administering it.
To the admission of this evidence, the defendant objected, and in its reception error is assigned. Verdict and judgment for plaintiff, appeal by defendant.
It seems to us the evidence was properly received by the court. The action, though not allowable at common law, is authorized by statute in our state, wherein it is permitted to be brought by and in the name of the personal representative of the deceased, and the amount recovered is directed to be disposed of according to the statute of distributions of personal property in cases of intestacy. In assessing the damages, the jury in the terms of the act are restricted to such as they shall deem fair and just, with reference to the pecuniary injury resulting from the death. And it is declared that the damages so recovered shall be for the exclusive use and benefit of the widow and issue in all cases where they are surviving. So we see that the plaintiff, if entitled to recover, *Page 507 
was entitled to recover damages to the extent of the pecuniary injury resulting from the death of Edward Conigland to his children, of whom he left one or more surviving him, and for their benefit, and not to swell the assets of the estate.
The damages thus sustained were uncertain and indefinite, and no absolute or definite rule has been or can be laid down on the subject. In estimating the injury, it must necessarily be left in a great degree to the sound sense and discretion of the jury, in view of all the facts and circumstances. By the death of the intestate, his next of kin presently got what he had, and if he had not been killed, he might not have added anything more for their advantage, and in that event, they suffered no injury, or but little, in dollars and cents from his death. But then he might have accumulated something more, and whatever that might be in the judgment of the jury, is the measure of the injury sustained according to the statute.
To determine whether the deceased would have earned something or nothing further, to the pecuniary advantage of his next of kin, and if anything, then how much and of what value, was the question for the jury. The rule by which this estimate is to be made, is decided to be, "the reasonable expectation of pecuniary advantage from the continuance of the life of the deceased." And under this rule, the only inquiry is, what pecuniary advantage might be expected by the family from the continuance of the life of Edward Conigland.
As a basis on which to enable the jury to make their calculation or estimate, it is competent to show the age of deceased and his prospect of life, his habits and character, his industry and skill, the means he had to facilitate the making of money, the business he was employed in of various kinds, whether a farmer, lawyer, or administrator on one or more estates, or any or all of them; the end of it all being, *Page 508 
as expressed by the court in Kesler v. Smith, 66 N.C. 154, to enable the jury to fix upon the net income which might be reasonably expected if death had not ensued, and thus get at the pecuniary worth of the intestate to his family. Evidence to these points was indispensable to enable the jury to make any estimate at all.
We think the evidence of Gooch was admissible, not as authorizing the jury in the calculation of intestate's worth to his family to set down the commissions on Long's estate and commute the same as so much loss to the next of kin, but simply as showing how the deceased was employing himself at his death, and his business qualifications, and the usual remuneration in such business; so that, taking that proof in connection with the other evidence as to his profession and farming interests, the jury from a view of the whole might say whether there was any, or if any, what reasonable expectation there was of pecuniary benefit from the continuance of the life of deceased. Kesler v. Smith, supra; Railroad v. Brown, 5 Wall., 90;Chicago Rock Island R. R. v. Morris, 26 Ill. 400; Balt. Ohio R. R. Co.v. State, c., 24 Md. 271.
In our opinion there was no error in admitting the evidence; but defendant says that although receivable, there was error in the direction of the court to the jury as to the consideration they were at liberty to give to the evidence in making up the value of the intestate's life to his family. His Honor's charge as to this point was, "that in estimating the amount of damages, they might consider the amount of the debts and the assets of Long's estate, and the commissions usually allowed administrators upon estates of that character, including commissions on so much of the real estate as was necessary to be sold to pay the debts." This direction to the jury is correct so far as it goes, but it is very general, and contains no qualification or explanation how they were to consider the evidence, and to what extent they *Page 509 
were to regard it in fixing the worth of the life; and although not excepted to at the time, nor any instructions asked by the defendant as to the point, it is still open to defendant to assign error in the direction to the jury as given, if any there be.
The true rule on this subject is laid down in Bynum v. Bynum, 11 Ired., 632, where Chief Justice RUFFIN says: "Although it be not error to refrain from giving instructions unless they be asked, yet care must be taken, when the judge thinks it proper of his own motion or at the party's to give them, that they be not in themselves erroneous, or so framed as to mislead the jury."
Now the question is, Was this charge so framed as to guide the jury to a proper consideration of the intestate's administratorship on the estate of Long, in connection with the whole evidence in the cause? or in other words, so as not to mislead the jury. The instruction as given may have left the jury under the impression that it was right to consider, that at all events the commissions on the estate amounting to over a thousand dollars was a certain loss; and upon this and other elements in the calculation, they may have fixed on some estimated annual income, which in reference to the expectancy of intestate's life, may have led to an excessive verdict. The instruction should have been so shaped as to prevent any misconception on the part of the jury in this respect, and as it may have prejudiced the defendant (and we cannot see that it did not) we have concluded, after much consideration of the point, there is error in the instruction as to this matter.
The plaintiff however urges in reply, that if there was any error in the reception of Gooch's evidence, it was cured by his Honor's reducing the verdict of the jury from fifteen thousand to ten thousand dollars, which much more than covers any estimate of the commissions on Long's estate. That may be so in point of fact. But a sufficient answer to *Page 510 
that view is, It cannot be seen that the unqualified instruction of the court may not have prevented an assessment of damages even below the sum to which the judge reduced the verdict of the jury.
For the omission in His Honor's direction to the jury as above, we must hold there is error and a new trial must be had, and it is so ordered. Let this be certified.
Error. Venire de novo.