STATE v. JOHN JONES and another.

*Fornication and Adultery— Witness—Husband and  Wife—
Divorce.*

In fornication and adultery the husband of the female defendant is not a competent witness to testify *against* her, although he may have obtained a decree for divorce *a vinculo matrimonii* before the trial of the indictment.   But under THE CODE, §1353, the husband or wife of the defendant is competent to testify *for* him or her in all criminal actions or proceedings.

(*State* v. *Jolly,* 3 Dev. & Bat., 110, cited and approved).

INDICTMENT for fornication and adultery tried at Spring Term, 1883, of CALDWELL Superior Court, before *Gudger, J.*

The indictment was against John Jones and Sarah C. Hudson.   On the trial D. M. Hudson was offered as a witness for

the state, and the defendant objected to his competency, when the following facts were made to appear:

At the time when the alleged adulterous intercourse between the defendants was charged to have been committed, and at the time the bill of indictment was found, the witness was the husband of the female defendant, and after the finding of the bill, and before the trial in this case, he had obtained in the superior court of Caldwell county a divorce *a vinculo matrimonii* from the defendant Sarah C. Hudson, for the cause of adultery on her part.

The court held the witness to be competent and he proceeded to testify that on several occasions he had seen the defendants in bed together in a store-house near his house.

On cross-examination, the witness was asked by the defendants' counsel if he had a gun, and if he shot Jones for the adultery with his wife. In reply to this the solicitor was permitted, against the objection of the defendant, to ask the witness if he was afraid of the defendant, Jones.

The defendants introduced the female defendant (Sarah C. Hudson) as a witness, who testified that no acts of adultery had occurred between her and the other defendant, Jones. She was then asked why her husband had preferred the charge of adultery against her in the divorce suit. The solicitor objected to the answer, and the objection was sustained, to which the defendants excepted.

The jury returned a verdict of guilty, and there was judgment against the defendants, from which they appealed.

*Attorney-General,* for the State.
*Messrs. R. Z. Linney* and *J. F. Morphew,* for defendants.

ASHE, J. The only question of any importance presented by the appeal for our consideration is the objection to the competency of the witness, Hudson, and we are of opinion there was error in the ruling of the court below upon this point.

In *State* v. *Jolly,* 3 Dev. & Bat., 110, which was an indictment for fornication and adultery, one who had been the husband of the female defendant, but had been divorced from her on account of her adultery, was held to be *incompetent* to testify against the defendants as to the adulterous intercourse, or any other fact which occurred while the marriage subsisted.

In this case the general rule of the exclusion of the testimony of the husband and wife for or against each other is recognized and maintained. This rule, says Judge GASTON, who spoke for the court in that case, is not only based on the identity of interest which the law creates between the married pair, "but it is a rule founded on public policy, which seeks to render the relation not only one of intimate union, but of entire confidence, and this policy makes it necessary that the disability to testify against each other should in part at least remain after the connection shall have been altogether severed."

It would seem reasonable that the adultery of the wife during the coverture was such a gross betrayal of that confidence between husband and wife, which the law declares shall be kept secret and inviolable, as to constitute an exception to the general rule, but the learned judge, in the above cited case, said: "If one exception be sanctioned because from the character of the criminal act imputed, the dissent of the witness must be presumed; others may follow where the like presumption may be entertained, although not perhaps with equal confidence, and there will be danger of our having no rule capable of general and steady application."

In that case the court speaks of the dearth of authorities on the subject, and say they "must decide the question by a proper application of the principle of the rule." But we find, upon investigation, that the principle decided in this case is strongly supported by the authorities. In *Dickerman* v. *Grans,* 6 Cush. (Mass.), 308, which was a case in which the question was involved whether in an action brought by a husband against the defendant for criminal conversation with his wife, the latter,

after a divorce from the bonds of matrimony, was a competent witness for the plaintiff to prove the charge of the criminal connection, it was held she was competent. Upon the bare announcement of the proposition, it appears to militate against the decision in *Jolly's case,* but instead of doing so, it fully sustains that decision. In the former case the distinction is made, when the testimony of the husband or wife is offered *for* or *against* the other. If *for,* it is competent; but if against, it is incompetent. There, the wife was not called to testify *against* the husband, but, on the contrary, for him, and did testify in his favor and on his behalf, so that there was, there, no violation of the confidence of the relations of husband and wife, and in that very case the principle decided in *Jolly's case* is fully sustained. FLETCHER, J., delivering the opinion of the court, said: " The proposition is no doubt fully established by the authorities that, even after the dissolution of the marriage contract, the husband and wife are not in general admissible to testify *against* each other, as to any matter which occurred during the existence of that relation; and to sustain the position, he cited *Monroe* v. *Twiston,* Peake's Add. Ca., 219; *Doker* v. *Hasler,* Ry. & Mo., 198; *Barnes* v. *Camock,* 1 Barb., 392; *State* v. *Jolly,* 3 Dev. & Bat., 110; 1 Greenl. Ev., §§337, 338; *State* v. *Philips,* 2 Tyler, 374, and 1 Phil. Ev., 83, where the reason of the rule is thus stated : "This, as LORD ELLENBOROUGH has said, is on the ground that the confidence which subsisted between them at the time shall not be violated in consequence of any future separation. Thus one great source of distrust is removed, by making the confidence, which once subsists, ever afterwards inviolable in courts of law."

The distinction made in *Dickerman* v. *Grans,* between the testimony of husband or wife, *for* or *against* the other after a divorce, has been recognized by our legislature. While it has left such testimony when it is adverse, untouched, it has declared that the "husband or wife of the defendant, in all criminal actions or proceedings, shall be a competent witness for the defendant." THE CODE, §1353.

Our opinion is, there was error in the ruling of His Honor in the court below, in admitting the testimony of D. M. Hudson. The judgment of that court must be reversed, and a *venire de novo* awarded.    Let this be certified.

Error.                                                    *Venire de novo.*