DORA ·E. BENTON, Administratrix of T. C. Benton, .v. THE NORTH CAROLINA RAILROAD COMPANY. ˈ

(Decided May 24, 1898).

*Action for Damages—Venue—Refusal to Remove Action to Another County—Appeal—Measure of Damages— Railroads—Lessor Railroad Liable for Negligent Acts of Lessee—Negligence—Excessive Verdict.*

1. It not being the duty of a judge (under Sections 196, 197, of *The Code*) to remove a cause from one Court to another "unless he should be satisfied that the ends of justice demand it," his refusal to so remove is not reviewable on appeal, when he is not satisfied by ⵏ the affidavits filed, that it is his duty to remove, and the fact that no counter affidavits are presented is immaterial.

2. In the trial of an action for damages for the wrongful killing of plaintiff's intestate it was proper to instruct the jury on the issue as to the amount of damages that the measure of damages for the loss of life is the present value of the net income of the deceased to be ascertained by deducting the cost of living and expenditures from his gross income and then estimating the present value of the

accumulation from such net income based upon his expectation of life, and in making such estimate the jury should consider the age, habits, industry, means, business qualifications and skill of the deceased and his reasonable expectation of life.

3. A lessor railroad company is liable for the negligent acts of its lessee in operating the leased property.

4. A motion to set aside a verdict in an action for damages on the ground that the award is excessive, and not warranted by the evidence, is addressed to the discretion of the trial judge and the exercise of such discretion is not reviewable.

CIVIL ACTION for damages for the alleged negligent killing of plaintiff's intestate by the Southern Railway Company, the lessee of the defendant railroad company, tried before *Greene, J.*, and a jury at January Term, 1898, of MECKLENBURG Superior Court. The defendant filed affidavits in support of a motion to remove the trial of the action to another county on account of local prejudice. No counter affidavits were filed. The motion was refused and defendant excepted. The deceased was a postal route agent and was killed by the collision of trains operated by the defendant's lessee. There was a verdict for $12,000 for the plaintiff and defendant appealed from the judgment thereon.

*Messrs. Jones & Tillett, Covington & Redwine* and *Frank I. Osborne* for plaintiff.
*Mr. Geo. F. Bason* for defendant (appellant).

CLARK, J.: All the exceptions have been recently passed upon in the decisions of this Court, and it is only necessary to refer to them.

1. The refusal of the Judge to remove is not reviewable. The present statute forbids the Judge to remove a cause "unless he shall be satisfied that the ends of justice demand it," and when he is not so satisfied by the affidavits offered it is immaterial that counter

affidavits are not presented.   State v. Smarr, 121 N. C., 669; The Code, Sections 196, 197.

2. The court charged the jury as follows: "The measure of damages for loss of life of plaintiff's intestate is the present value of his net income, and this is to be ascertained by deducting the cost of living and expenditure from his net gross income and then estimating the present value of the accumulation from such net income, based upon his expectation of life.

"In applying this rule to the facts in this case, and to enable the jury to properly estimate the reasonable expectation of pecuniary advantage from the continuance of the life of the deceased, they should consider his age, habits, industry, means, business qualifications, skill and his reasonable expectation of life."

These instructions follow the precedents in this Court. Pickett v. R. R. Co., 117 N. C., 616 (at page 638); Burton v. R. R. Co., 82 N. C., 504; Kesler v. Smith, 66 N. C., 154.

3. The defendant moved for judgment against the plaintiff upon the pleadings and proof "for that the pleadings showed that the injury resulting in the death of the plaintiff's intestate was due to the negligence of the lessee of the defendant in the operation of the road of the defendant." The liability of the lessor company in such cases, decided Aycock v. R. R. Co., 89 N. C., 321, has been re-affirmed in the late cases of Logan v. R. R. Co., 116 N. C., 940; Tillett v. R. R. Co., 118 N. C., 1031; Norton v. R. R. Co., at this term.

4. The motion to set aside the verdict because "excessive and not warranted by the evidence" rested in the discretion of the trial Judge and his discretion is not reviewable.   Norton v. R. R. Co., supra; Edwards v.

122—64

*Phifer,* 120 N. C., 405 and cases there cited; *State* v. *Kiger,* 115 N. C., 746; *Ferrell* v. *Thompson,* 107 N. C., 421; *Whitehurst* v. *Pettipher,* 105 N. C., 40; *Goodson* v. *Mullen,* 92 N. C., 211; *Brown* v. *Morris,* 20 N. C., 429; *Long* v. *Gautley,* Id. 313; *Young* v. *Hairston,* 14 N. C., 55.

No error.