LAURA S. BURNS, Administratrix of G. M. Burns, v. THE ASH-BORO & MONTGOMERY RAILROAD COMPANY.

(Decided November 28, 1899.)

*Negligent Killing—Measure · of Damages—Inadequacy of Damages—Evidence—New Trial on Single Issue.*

1. While the trial Judge could set aside a verdict where it clearly appears that the amount assessed as damages is grossly inadequate, yet his decision is not reviewable. *Benton v. Collins,* at this term.

2. A safe precedent on measure of damages may be found in *Benton v. Railroad,* 122 N. C., 1007.

3. The plaintiff for herself, as witness, having testified that her intestate, when he served as engineer, received the pay of an engineer, was properly asked what an engineer's pay was at the time he served as such.

4. Evidence concerning the skill of the deceased in a former employment, different from that in which he was engaged at the time of his death, and which was more remunerative, is competent, as tending to show his skill in mechanic arts. Such testimony could not fix the rule of damage, and would have to be considered by the jury along with the age. of deceased, his habits, character, industry, prospects of life, facilities for making money, and business he was employed in of various kinds, the end of all being to enable the jury to get at the pecuniary worth of the intestate to his family.

5. Evidence as to the board paid by intestate at his father's home was competent, as showing carefulness in personal expenditures, and how much for that part of his living should be taken off his gross income.

BURNS *v.* RAILROAD.

CIVIL ACTION for the negligent killing of J. M. Burns, fireman on defendant's train, tried before *Robinson, J.,* at July Term, 1899, of RANDOLPH Superior Court. The complaint charged negligence; the answer denied negligence, and pleaded contributory negligence on part of plaintiff.

*Issues.*

1. Was the death of the intestate caused by the negligence of defendant? Answer. "Yes."

2. Did the plaintiff's intestate by his negligence contribute to the injuries causing his death? Answer. "Yes."

3. Could the defendant by the exercise of reasonable care have avoided the injury notwithstanding the contributory negligence of intestate? Answer. "Yes."

4. What damages is plaintiff entitled to recover? Answer, "$1,071."

The plaintiff moved to set aside the finding of the jury upon the fourth issue, on account of inadequacy of damages, and to grant a new trial on that issue only.

His Honor refused the motion, and plaintiff excepted.

The plaintiff then moved to set aside the verdict upon the fourth issue only, and to grant a new trial on that issue only, on account of alleged errors in excluding evidence of the plaintiff in relation to fourth issue.

Motion refused, and judgment rendered in accordance with the verdict.

Plaintiff appealed.

The exceptions taken and noted to the evidence are adverted to in the opinion.

*Messrs. G. S. Bradshaw* and *B. F. Long,* for appellant.
*Messrs. Black & Adams,* and *Douglass & Simms,* for appellee.

125——20

MONTGOMERY, J.   This is an action begun by the plaintiff to recover of the defendant company damages for the alleged negligent killing of her husband.

The jury found that the plaintiff contributed to his own injury, but in response to the third issue, "Could the defendant by the exercise of reasonable care have avoided the injury notwithstanding the contributory negligence of the intestate," answered, "Yes;" and for their answer to the fourth issue said that the plaintiff was entitled to recover $1,071.

The case is before us on exceptions by the plaintiff:

1. Because the Court did not set aside the verdict on account of an alleged grossly inadequate amount assessed as plaintiff's damages.

2. Because the Court refused to give the plaintiff's thirteen prayers for instruction on the second issue—contributory negligence.

3. Because the Court refused to instruct the jury, upon the measure of damages, according to number 15 of plaintiff's prayers for instructions, and

4. Because the Court refused to receive certain evidence offered by the plaintiff upon the question of damages.

At this term of the Court, in *Benton v. Collins,* it was decided that the trial Judge could set aside a verdict where it clearly appears that the amount assessed by the jury as damages is grossly inadequate, but it was also decided, there, that the decision of the trial Judge is not reviewable by us; and so when the motion made by the plaintiff to set aside the verdict for grossly inadequate damages was refused by his Honor, the matter was concluded.

The exception to the refusal of the Court to give the plaintiff's thirteen prayers for instruction upon the issue No. 2, involving the contributory negligence of the plaintiff, and also the exceptions to its refusal to instruct the jury as requested by plaintiff's counsel on the fourth issue, the

measure of damages, we need not discuss any further than to say, in connection with the former, that it is urged here only so far as the evidence and prayers for instructions in reference thereto, which were refused by the Court, affect the response of the jury to the fourth issue; and for error in rejecting testimony of the plaintiff on that issue, we have decided that a new trial must be had; and, as to the latter exceptions on the measure of damages, that a safe precedent may be found in the case of *Benton v. Railroad,* 122 N. C., 1007, and the cases there cited. The fourth issue was, "What damage is plaintiff entitled to recover?" and upon that issue the plaintiff's counsel asked Rankin, a witness for the plaintiff, "What is the usual monthly earnings on the railroads for engineer and fireman?" Upon the question being objected to by the defendant, it was ruled out by the Court, and the plaintiff excepted.

It becomes unnecessary for us to pass upon the correctness of the Court's ruling, for the witness was permitted to state, in answer to the question by the plaintiff as to what was the *"earning capacity"* of the intestate at the time of his death, that he was worth $50 per month. That answer of the witness was direct upon what he thought was the value of the intestate's services a month in any capacity, whether as engineer or fireman. It was immaterial, after that answer, what that witness thought about the worth of the services of other engineers on that road or others. In this connection, however, the plaintiff for herself, as a witness, testified that the intestate, when he served as engineer, received the pay of an engineer. She was then asked what an engineer's pay was at the time the intestate served as such, and upon objection by defendant, the question was not allowed to be put.

The plaintiff's exception brings up the question, whether or not the intestate's former service as engineer and the value of

his services as an engineer can be considered as evidence
tending to show the *quantum* of damages, "What was the
reasonable expectation of pecuniary advantage to the family
of the deceased from the continuance of his life," he, the
intestate, having been at the time of his death in the employ-
ment of defendant company in an inferior and less remuner-
ative service—that of fireman?

It was said in *Burton v. Railroad,* 82 N. C., 509: "As a
basis on which to enable the jury to make their calculation or
estimate, it is competent to show the age of deceased and his
prospect of life, his habits and character, his industry and
skill, the means he had to facilitate the making of money, the
business he was employed in of various kinds, whether a
farmer, lawyer, or administrator on one or more estates, or
any or all of them; the end of it all being as expressed by
the Court in *Kesler v. Smith,* 66 N. C., 154, to enable the
jury to fix upon the net income which might be reasonably
expected if death had not ensued, and thus get at the
pecuniary worth of the intestate to his family." But the
question presented in this case is whether evidence, concern-
ing the skill of the deceased in a former employment differ-
ent from that in which he was engaged at the time of his
death, and which was more remunerative, is competent.
After careful consideration, we can see no reason why such
testimony is not admissible. It certainly tended to show his
skill in the mechanic arts. Such testimony could not fix the
rule of damages. All the other matters embraced in the quo-
tation from *Burton v. Railroad, supra,* would have to be con-
sidered by the jury, especially his habits, his character and
his industry.

On cross-examination of the witness, as by substantive evi-
dence, the defendant could show, if such were the facts, that
the intestate's last employment was the highest he was capa-

ble of; that he had tried other callings, employments or professions, and was found not to be competent to fulfill the duties of the same; or that his habits or character debarred him from more remunerative or more trustworthy positions. In 2 Wood on Railways, it is said: "The age and occupation of the injured person, the value of his services, that is, the wages he has earned in the past, whether he has been employed at a fixed salary or as a professional man, are proper to be considered." That proposition is approved by this Court in the case of *Wallace v. Railroad,* 104 N. C., 442, although the point was not directly presented. The argument of the defendant's counsel that the testimony of the plaintiff on the point we have been discussing was immaterial, because the question which was asked her had been answered by other witnesses, does not meet the case. The testimony of Page, the Superintendent of the road, was indeed, that the defendant paid engineers $40 per month, but surely it can not be contended that an officer of defendant company should be permitted to give testimony on a material point going to the question of damages, and at the same time the testimony of the plaintiff on that point be rejected.

There was error in the rejection of that part of the testimony of the plaintiff.

We will notice the other exceptions of the plaintiff to the evidence offered by her and rejected, notwithstanding a new trial must be had for the error in rejecting a part of the testimony of the plaintiff herself, because in all probability it will be offered again. The plaintiff was asked what other work her husband did when off duty to make money, and she answered, "he bought and traded buggies and horses." That evidence was not competent for any purpose, except possibly to show that the deceased was industrious, and it was no more than a scintilla for that purpose, since there was no

further statement that his buying and trading horses and buggies brought him any remuneration or income.

It was competent for the plaintiff to show the amount which he paid for board at his father's home. It tended to show carefulness of his expenditures for his personal support, and also how much for that part of his living should be taken off his gross income.

New trial, on fourth issue alone.