## STATE v. WOODROW COTTON.

(Filed 11 December, 1940.)

**1. Criminal Law § 41h—**

While either husband or wife may testify for the other in a criminal action, neither is competent to testify against the other. C. S., 1802.

**2. Criminal Law § 47—**

Ordinarily, the court may consolidate separate indictments for trial in proper instances, and has discretionary authority to deal with an application for a severance.

19—218

**3. Same—**

Where husband and wife are separately indicted for the same homicide and the prosecutions are consolidated and tried together over their objections, and the wife's testimony, though admitted only as to her, is to the effect that her husband killed deceased and forced her, through fear, to confess and attempt to exculpate him, her testimony is necessarily inculpatory of the husband and impinges C. S., 1802, and his motion for a mistrial and severance at the conclusion of the State's evidence should have been granted.

**4. Criminal Law § 81d—**

Where a new trial is awarded on one exception, other exceptions relating to matters which may not arise upon another hearing need not be considered.

CLARKSON and SEAWELL, JJ., dissent.

APPEAL by defendant, Woodrow Cotton, from *Williams, J.,* at March Term, 1940, of WAKE.

Criminal prosecution tried upon indictments charging the defendant, Woodrow Cotton, and his wife, Margaret Cotton, with the murder of one Mary Lee Herndon, consolidated and tried together, as both indictments relate to the same homicide.

The record discloses that on 19 February, 1940, Mary Lee Herndon, mother of Margaret Herndon Cotton, was found near her home in Wake County mortally wounded. She had been shot in the left side with a shotgun, and died without being able to tell how the shooting occurred.

At first, Margaret Herndon Cotton confessed to the officers that she killed her mother, and related in detail how it happened. Later, this confession was repudiated. On the stand she testified that her husband coerced her into making the confession, saying "Margaret, take it on yourself, play off crazy and I'll get you out of it. . . . Say you were at the house, at the back door, that you were at the back door looking at me when the gun went off"; that she was afraid of her husband; that she heard the gun fire and heard her mother holler, "Woodrow, you shot me"; that she rubbed off the gun and put her fingerprints on it; that she did what Woodrow told her to do, "because I was scared not to. . . . I didn't know what he might take a notion to do to me"; that she confessed to the coroner, "because Woodrow told me to." The jury was instructed not to consider any of this evidence against the male defendant. The *feme* defendant was cross-examined by counsel for her husband and the solicitor, and thus twice repeated her testimony-in-chief.

The defendant, Woodrow Cotton, also made a confession to the officers in the presence of the solicitor that he killed his mother-in-law, and related how the shooting took place. Later, this confession was repudiated.

On motion of the solicitor, and over objection of the defendants, the

two cases were consolidated and tried together. Objection and exception by Woodrow Cotton.

Motion for severance before selection of jury; overruled and exception. Motion for mistrial and severance at the conclusion of the State's evidence and at the close of all the evidence; overruled; exception.

Verdict: Guilty of murder in the first degree as to Woodrow Cotton. Not guilty as to Margaret Cotton.

Judgment: Death by asphyxiation.

The prisoner appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Clyde A. Douglass, Sam J. Morris, and R. Ben Templeton for defendant, appellant.*

STACY, C. J. The principal question for decision is whether separate indictments against husband and wife for the same homicide may be consolidated and tried together, over objection of defendants, when the wife's testimony, though admitted only as to her, is inculpatory of the husband. A careful perusal of the present record engenders the conclusion that the testimony of the *feme* defendant was necessarily hurtful to her husband.

It should be remembered that neither defendant was here competent or compellable to testify against the other. *S. v. Harbison,* 94 N. C., 885. Either might have testified for the other, but neither was competent to testify against the other. C. S., 1802; *S. v. Jones,* 89 N. C., 559. The defense of the wife tended strongly to incriminate the husband. They were not making a joint defense.

Counsel for the husband felt impelled to cross-examine the wife following her examination-in-chief, as did the solicitor for the State also, and it was during these cross-examinations that her testimony was particularly harmful. It is true, the trial court carefully instructed the jury not to consider anything she said as evidence against the male defendant, but with the burden of the wife's defense pointing unerringly to the husband's guilt, it is not perceived how its baneful effect could be erased from the minds of the jury. *S. v. Helms, post,* 592.

Without questioning the power of the court to consolidate cases for trial in proper instances, and its discretionary authority ordinarily to deal with an application for a severance, we are forced to the conclusion that on the instant record the provisions of C. S., 1802, have been impinged by reason of the character of the wife's defense. It would seem that a mistrial and severance at the close of all the evidence would have been in order.

There are other exceptions appearing on the record worthy of consideration, especially the one addressed to certain exceptive remarks of the solicitor, but as these are not likely to arise on another hearing, we shall not consider them now.

New trial.

CLARKSON and SEAWELL, JJ., dissent.