## STATE v. TILLERY RICE.

(Filed 3 March, 1943.)

**1. Criminal Law § 41h: Homicide §§ 17, 22—**

In a homicide case, where there is a plea and evidence of self-defense, it is competent for defendant's wife to testify to a threat made by deceased against her husband, which she communicated to defendant before the killing. C. S., 1802.

**2. Homicide § 22—**

When the evidence of defendant's wife of threats made against her husband by deceased was excluded, in a homicide case in which there was a plea and evidence of self-defense, there is reversible error, which is not cured by the defendant being later permitted to testify to the threat as communicated to him by his wife.

APPEAL by defendant from *Sink, J.,* at August Term, 1942, of MADISON.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Harve Rice.

The record discloses that on Wednesday, 1 July, 1942, Harve Rice stole $325 from the defendant's home, which was "every penny he had." The defendant lived about twelve miles from Marshall, N. C. On the following Saturday, 4 July, while talking with the defendant at his home, Harve Rice admitted taking the defendant's pocketbook contain-

ing the $325. A controversy ensued; both men were armed; the defendant fired three shots, at least one taking effect; Harve Rice was carried to a hospital in Greeneville, Tenn., and died a few days thereafter. The deceased was a large man, about six feet tall, weighing 265 pounds, and had the reputation of being a dangerous and violent man. The defendant is a small man, weighing 144 pounds. The defendant interposed a plea of self-defense and offered evidence tending to support his plea.

The defendant's wife testified that on Thursday, 2 July, the deceased came to her home about 9:00 o'clock in the morning and asked where her husband was. She was then asked: "What did he say when he first came in?" Objection; sustained. In the absence of the jury the witness said she informed him he had gone to town to have a search warrant taken out for his money; that in reply the deceased said, "If he has me searched I will kill the s. o. b."; and that she later communicated this threat to her husband. On objection, the proffered evidence was excluded. Exception.

On being recalled, the defendant testified: "She (his wife) told me that Harve said if I had him searched over the money he would kill the s. o. b."

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for not less than 20 nor more than 22 years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*John H. McElroy, W. K. McLean, and George M. Pritchard for defendant.*

STACY, C. J. The appeal may be made to turn on whether in a homicide case, where there is plea and evidence of self-defense, it is competent for the defendant's wife to testify to a threat made by the deceased against her husband which she communicated to the defendant before the killing.

It is conceded that the question should be answered in the affirmative. C. S., 1802; *S. v. Baldwin,* 155 N. C., 496, 71 S. E., 212. There was error in excluding the proffered testimony of the defendant's wife. *S. v. Jones,* 89 N. C., 559. See *S. v. Cotton,* 218 N. C., 577, 12 S. E. (2d), 246.

It is the position of the State, however, that on the present record, no harm has come to the defendant because he was later permitted to testify to the threat as communicated to him by his wife. Even so, the defendant was denied the benefit of his wife's testimony and its credibility.

*S. v. Dickey,* 206 N. C., 417, 174 S. E., 316. The jury might have accepted what she would have said, while inclined to discredit the defendant's version of what she told him, especially as the defendant's statement was unsupported by the wife's evidence given on the trial. *Eaves v. Coxe,* 203 N. C., 173, 165 S. E., 345; *Burns v. R. R.,* 125 N. C., 304, 34 S. E., 495.

The evidence admitted is not the same as that excluded, nor by the same witness. Hence, the rule against granting new trials where competent evidence is excluded and later given by the same witness, *Baynes v. Harris,* 160 N. C., 307, 76 S. E., 230, appears to be inapplicable to the facts of the instant record. More appropriate would seem to be the pronouncement of *Brogden, J.,* in the *Eaves case, supra:* "Obviously if a party offers the competent testimony of a given number of witnesses, but the court excludes the testimony of one, even though the testimony of the others is admitted without objection, notwithstanding the offering party is entitled to the credibility and weight of testimony of the excluded witness. Otherwise the total weight and credibility of the testimony would be reduced for the reason that a jury might have believed the testimony of witness whose evidence was excluded and for one reason or another might not believe the testimony of the witnesses whose testimony was received without objection."

The State further insists that when the jury returned, the witness was asked "what threats, if any, she had ever heard the deceased make against her husband"; that the court permitted this question, instructing the witness to confine herself exclusively to statements made by the deceased, if any, and that the witness failed to repeat her testimony given in the absence of the jury. In answer to this position, it is enough to say the witness understood, as did her counsel, that what the deceased had said on the morning of 2 July, had been excluded as incompetent. Hence, in answer to the question, the witness proceeded to tell only what she heard on the day of the homicide and omitted any reference to what was said two days earlier. As a result, the defendant was deprived of the weight and credibility of his wife's testimony in respect of the alleged communicated threat made on Thursday. 3 Am. Jur., 590.

There are other exceptions appearing on the record worthy of consideration, but as they are not likely to arise on the further hearing, it is deemed supererogatory to consider them now.

For the error as indicated in excluding the wife's proffered testimony, a new trial must be had. It is so ordered.

New trial.