STATE OF NORTH CAROLINA v. MARGIE BUTLER

No. 7419SC405

(Filed 5 June 1974)

1. **Assault and Battery § 13— self-defense pleaded — evidence of prior threats — inadmissibility**

    The principle of G.S. 14-33.1 that prior threats are admissible in assault cases where the defendant claims self-defense did not apply in this case since there was no evidence that threats allegedly made to defendant were made by defendant's victim.

**2. Assault and Battery § 15— failure to charge on communicated threats
— no error**

The trial court did not err in failing to charge on communicated
threats as they relate to apparent necessity and on the force defendant
might lawfully have used to repel the alleged assault by the prosecuting
witness, since there was no competent evidence of any communicated
threats made by the prosecuting witness.

**3. Criminal Law § 112— charge on reasonable doubt**

The trial court did not err in failing to charge that a reasonable
doubt may be based on a lack of evidence since it is required that
such instruction be given only in conjunction with the instruction that
"a reasonable doubt is a doubt based upon reason and common sense
and growing out of the evidence in the case."

**4. Assault and Battery § 15; Criminal Law § 119— failure to define the
term aggressor in instructions — no error**

The trial court did not err in failing to define the term "ag-
gressor" when he charged the jury that self-defense was only an
excuse if the defendant was not the aggressor or if she voluntarily
entered the fight but thereafter attempted to abandon the fight and
gave notice to her opponent of her intention to abandon the fight,
since "aggressor" is a word of common usage, and in the absence of
a request for special instructions such words need not be defined.

APPEAL by defendant from *Seay, Judge,* at the 22 October
1973 Session of MONTGOMERY Superior Court.

Heard in the Court of Appeals 14 May 1974.

The defendant was charged in a bill of indictment with
assault with a deadly weapon with the intent to kill, inflicting
serious injury not resulting in death. The State's evidence
tended to show that on 5 April 1973 one Carol Whitaker entered
Broadway's Grill in Troy, North Carolina, to look for her
nephew. On the way in, Mrs. Whitaker was warned that Margie
Butler, who apparently had been seen with Mrs. Whitaker's
husband in the past, was downstairs. When Mrs. Whitaker got
downstairs, the defendant pulled something out of her chest and
ran into Mrs. Whitaker. Mrs. Whitaker grabbed the defend-
ant's wrist and noticed she had a knife and that blood was
gushing from her [Mrs. Whitaker's] shoulder. The parties then
struggled over the knife and fell to the floor with the defendant
at one point saying, "Take it, bitch, if you can." and "I'll kill
you." Two men in the grill then stopped the fight by pulling
the parties apart.

The defendant's evidence tended to show that when Mrs.
Whitaker came down the steps, she started across the room

towards the defendant with her hand in her sweater. The defendant figured Mrs. Whitaker had something, so the defendant pulled her own knife. Mrs. Whitaker grabbed the defendant, they struggled and the defendant was thrown to the floor. It was then that the defendant began using the knife. From a verdict of guilty of assault with a deadly weapon inflicting serious injury and a sentence of three years in the custody of the Commissioner of Corrections as a committed youthful offender, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Robert P. Gruber and Associate Attorney Norman Sloan for the State.*

*S. H. McCall, Jr., by Carl W. Atkinson for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant contends that it was error for the trial court to sustain an objection to her testimony as to threats she had received. G.S. 14-33.1 provides:

> "*Evidence of former threats upon plea of self-defense.* —In any case of assault, assault and battery, or affray in which the plea of the defendant is self-defense, evidence of former threats against the defendant by the person alleged to have been assaulted by him, if such threats shall have been communicated to the defendant before the altercation, shall be competent as bearing upon the reasonableness of the claim of apprehension by the defendant of bodily harm, and also as bearing upon the amount of force which reasonably appeared necessary to the defendant, under the circumstances, to repel his assailant."

The testimony in question was as follows:

> "I had received conversation about the fact or accusations that I had been dating him. I have received threats. On that very day all that happened I had heard, right when I was getting off the school bus, that she was going to shoot me.
>
> MR. ROBERTS: The State objects, your Honor.
>
> THE COURT: Sustained."

The testimony of the defendant was hearsay. There was no showing that the alleged threats came from Mrs. Whitaker. The principle of G.S. 14-33.1 that prior threats are admissible in assault cases where the defendant claims self-defense does not apply until the evidence of threats is properly presented. *State v. Clontz*, 6 N.C. App. 587, 170 S.E. 2d 624 (1969). We would point out that the trial court did not strike the objected to testimony or instruct the jury to disregard it, and thus defendant had the benefit of it anyway.

[2]   The defendant next assigns as error certain portions of the charge. No exceptions appear in the record and the defendant has not specifically identified those portions of the charge which she finds objectionable. This would be grounds for over-ruling defendant's assignments of error. 1 Strong, N. C. Index 2d, Appeal and Error, Sec. 31 (1967). However, we have decided to consider the merits. Defendant contends that it was error for the trial court to fail to charge on communicated threats as they relate to apparent necessity and what force defendant might lawfully have used to repel the alleged assault by Mrs. Whitaker. However, there was no competent evidence of any communicated threats made by the prosecuting witness and no charge on this point was warranted.

[3]   Defendant further contends that the trial court erred in its definition of "reasonable doubt" in that the court did not charge that a reasonable doubt may be based on a lack of evidence. No error was committed in the instant case for the judge did not charge "that a reasonable doubt is a doubt based upon reason and common sense and growing out of the evidence in the case." It is when those words are used that it is error not to go further and add "or the lack of evidence or from its deficiency." *State v. Braxton*, 230 N.C. 312, 314, 52 S.E. 2d 895, 897 (1949). The trial court fully charged on reasonable doubt in this case as follows:

> " . . . A reasonable doubt is not a vain, imaginary or fanciful doubt, but a sane, rational doubt. The proof beyond a reasonable doubt means that you must be fully satisfied, entirely convinced or satisfied to a moral certainty of the defendant's guilt." *State v. Bryant*, 231 N.C. 106, 55 S.E. 2d 922 (1949).

[4]   Finally, the defendant assigns as error the failure of the trial court to define the term "aggressor" when he charged the

jury that self-defense was only an excuse if the defendant was not the aggressor or if she voluntarily entered the fight but thereafter attempted to abandon the fight and gave notice to her opponent of her intention to abandon the fight. The trial court's charge on self-defense was correct. The use of the undefined term "aggressor" was not error as it is a word of common usage and in the absence of a request for special instructions such words need not be defined. *State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970).

We have considered defendant's other assignments of error and find them without merit. Defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge BRITT concur.