STATE OF NORTH CAROLINA v. JOSEPH TOMLIN

No. 755SC404

(Filed 17 September 1975)

1. **Homicide § 21— shooting during scuffle — no directed verdict — no error**
    In a second degree murder prosecution where the only possible verdicts submitted to the jury were involuntary manslaughter and not guilty, the trial court did not err in denying defendant's motion for a directed verdict where the evidence tended to show that defendant obtained a handgun with the intent to frighten his wife, defendant succeeded in frightening his wife and a scuffle resulted, and the wife grabbed for the gun and was killed.

2. **Criminal Law § 99— comments of trial court — no expression of opinion**
    The trial judge's statements made during a controversy regarding the disclosure of statements made to the police by the defendant, though caustic and unnecessary, did not amount to a violation of G.S. 1-180 and cause the jury to doubt defendant's credibility.

State v. Tomlin

3. **Criminal Law § 102— murder prosecution — pistol on district attorney's table — no prejudice to defendant**

    The trial court in a second degree murder prosecution did not err in denying defendant's motion for mistrial made on the grounds that the district attorney displayed a pistol on the table in front of the jury throughout the trial but never introduced the gun into evidence.

4. **Homicide § 30— second degree murder withdrawn — involuntary manslaughter submitted to jury — no error**

    Defendant cannot complain that the trial court erred in withdrawing the offense of second degree murder from consideration by the jury thereby limiting the possible verdicts to involuntary manslaughter and not guilty, since submission of the lesser offense of involuntary manslaughter to the jury inured to the benefit of defendant.

5. **Homicide § 27— involuntary manslaughter — failure to define terms — no error**

    In a second degree murder prosecution where the trial court submitted to the jury possible verdicts of involuntary manslaughter and not guilty, the court did not err in failing to define the terms "reasonable foresight," "gross recklessness or carelessness" and "heedless indifference."

APPEAL by defendant from *Chess, Judge.* Judgment entered 2 April 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 2 September 1975.

Defendant was charged in a bill of indictment with the first degree murder of Marjorie Jeanette Tomlin, his wife. The State chose to prosecute only upon a charge of murder in the second degree, and defendant pleaded not guilty.

The State's evidence establishes that the defendant came home from work, found the front door locked and became angry with his wife for locking the door. The defendant got his handgun intending to frighten his wife, but Mrs. Tomlin saw the gun and grabbed for it. The gun went off in the scuffle and Mrs. Tomlin was killed.

The defendant moved for a directed verdict of not guilty. The trial judge denied the motion and instructed the jury to return one of two verdicts; guilty of involuntary manslaughter or not guilty. From a verdict of guilty of involuntary manslaughter and judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Burney, Burney, Sperry and Barefoot, by John J. Burney, for defendant appellant.*

ARNOLD, Judge.

[1]    Defendant alleges that the trial court committed prejudicial error in denying defendant's motion for a directed verdict of not guilty. A motion for a directed verdict of not guilty challenges the sufficiency of the evidence to go to the jury. *State v. Woods*, 286 N.C. 612, 213 S.E. 2d 214 (1975); *State v. Wiley*, 242 N.C. 114, 86 S.E. 2d 913 (1955). On a motion for directed verdict of not guilty, the evidence is viewed in a light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Woods, supra.*

Defendant argues that the evidence fails to show that he pointed the gun at the decedent, or that he was careless or reckless with the weapon, and that his motion for directed verdict should have been allowed. We disagree.

*State v. Foust*, 258 N.C. 453, 459, 128 S.E. 2d 889, 893 (1963), states, " . . . with few exceptions, . . . every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, in the absence of intent to discharge the weapon, or in the belief that it is not loaded, or under circumstances not evidencing a heart devoid of social duty, is involuntary manslaughter." *State v. Brooks*, 260 N.C. 186, 188, 132 S.E. 2d 354, 356 (1963), reiterates this standard. "Any careless and reckless use of a loaded gun which jeopardizes the safety of another is unlawful, and if death results therefrom it is an unlawful homicide."

The evidence considered in a light most favorable to the State tends to show that defendant obtained a handgun with the intent to frighten his wife. The defendant succeeded in frightening his wife and a scuffle resulted. The wife grabbed for the gun and was killed.

Defendant argues that his actions did not cause the decedent's death but that death was proximately caused by the struggle initiated by the deceased. This argument is untenable. The decedent's death did not result from her conduct but from the defendant's reckless use of the handgun. The trial court properly denied defendant's motion for directed verdict.

[2]    Defendant next contends that the trial court violated G.S. 1-180 and caused the jury to doubt defendant's credibility. During a controversy regarding the disclosure of statements made to the police by the defendant, the trial judge stated: "If it is

State v. Tomlin

substantial, something that you didn't already know. Your client would know this better than they would. Who would have the source of information better than your client."

Though the trial judge's remarks appear to have been too caustic and unnecessary, in our opinion it is not reversible error.

"Not every ill-advised expression by the trial judge is of such harmful effect as to require a reversal. The objectionable language must be viewed in light of all the facts and circumstances, 'and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless.'" *State v. Holden,* 280 N.C. 426, 430, 185 S.E. 2d 889, 892 (1971).

The defendant has not shown substantial harm caused by the trial judge's statements.

[3] Defendant further assigns error to the trial court's denial of his motion for mistrial. The defendant based his motion on the grounds that the District Attorney displayed a pistol on the table in front of the jury throughout the trial while never introducing the gun into evidence.

Except for defendant's motion there is nothing in the record indicating that a pistol was on the table or that such pistol was visible to the jury. In any event, since defendant stipulated that deceased died as a result of a gunshot wound, we fail to see prejudice to defendant by the presence of the pistol if it was present. The assignment of error is overruled.

[4] Defendant also contends that the trial court erred by withdrawing the offense of second degree murder from consideration by the jury thereby limiting the possible verdicts to involuntary manslaughter and not guilty. Submission of the lesser offense of involuntary manslaughter to the jury totally inured to the benefit of the defendant. "An error on the side of mercy is not reversible." *State v. Fowler,* 151 N.C. 731, 732, 66 S.E. 567, 567 (1909) ; *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950).

[5] Defendant's final contention is that the trial judge erred in his charge to the jury. The defendant asserts that the trial judge erred in failing to define the terms "reasonable foresight," "gross recklessness or carelessness" and "heedless indifference."

It is not error for a trial judge to fail to define and explain words of common usage in the absence of special instructions.

*State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970) ; *State v. Butler,* 21 N.C. App. 679, 205 S.E. 2d 571 (1974). "Gross recklessness or carelessness," "reasonable foresight," and "heedless indifference" are terms used commonly by the general public. The trial judge did not commit error in failing to define these terms.

The defendant's remaining assignments of error have been carefully reviewed and the Court can find no error prejudicial to the defendant.

No error.

Chief Judge BROCK and Judge PARKER concur.