JAMES H. NANCE v. KENNETH J. LONG and JUDITH P. LONG.

(Filed 8 April, 1959.)

**1. Appeal and Error § 42—**

　　Where the charge of the court declares and explains the law arising on all phases of the evidence and is without prejudicial error when considered contextually, an exception thereto will not be sustained.

**2. Appeal and Error § 46: Trial § 49—**

　　A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the discretion of the trial court, and no appeal lies from the court's refusal to grant the motion.

APPEAL by plaintiff from *Sharp, S. J.*, September Civil Term, 1958, of FORSYTH.

This action was instituted for recovery of an alleged unpaid balance of indebtedness due plaintiff for labor performed and materials furnished under contract in the construction of a dwelling house for defendants. The defendants denied the alleged indebtedness. The jury returned a verdict favorable to the defendants.

From judgment upon the verdict plaintiff appeals, assigning error.

*Robert M. Bryant for plaintiff, appellant.*
*Buford T. Henderson for defendants, appellees.*

PER CURIAM.  Plaintiff makes two assignments of error: (1) that the charge of the court upon a phase of the evidence does not comply with the requirements of G.S. 1-180, and (2) that the court erred in denying plaintiff's motion to set the verdict aside as being contrary to the weight of the evidence. This was a case for the jury, and the court submitted it upon proper issues. When the charge of the court is considered contexually as a whole, as we are required to do, it is clear that the learned Judge declared and explained the law arising on all phases of the evidence. *Motor Co. v. Ins. Co.,* 220 N.C. 168, 16 S.E. 2d 847. The refusal to set aside the verdict as being contrary to the weight of the evidence was a matter within the discretion of the court and no appeal lies therefrom. *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373.

No Error.