STATE OF NORTH CAROLINA v. THOMAS WILSON, JR.

No. 6926SC499

(Filed 19 November 1969)

**1. Criminal Law § 106— nonsuit — sufficiency of evidence**

Motion to nonsuit is properly denied if there is any competent evidence to support the allegations of the indictment, considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom.

**2. Burglary and Unlawful Breakings § 5; Larceny § 7— nonsuit — sufficiency of evidence**

In this prosecution for felonious breaking and entering and felonious larceny, defendant's motion for nonsuit was properly overruled where a State's witness testified that she saw defendant enter the victim's apartment after pulling nails from the door hinge, and saw defendant carry a television set from the apartment and place it in a taxi.

**3. Burglary and Unlawful Breakings § 6— instructions — intent to commit specific crime alleged**

In this prosecution for breaking and entering with intent to commit felonious larceny, the trial court properly instructed the jury that the requisite felonious intent must be applied to the specific crime alleged, where portion of the charge to which defendant objects was merely a

general outline of G.S. 14-54, and the court thereafter correctly instructed the jury at least three times that they must find the breaking and entering to have been with the intent to commit the felony of larceny.

APPEAL by defendant from *Beal, S.J.,* 16 June 1969 Schedule "D" Criminal Session MECKLENBURG County Superior Court.

The defendant, Thomas Wilson, Jr., along with Joshua Robinson and Sandra Patricia Martin were jointly indicted in a bill of indictment charging them with the felonies of breaking and entering and larceny and a third count of receiving. The cases were consolidated for trial. The record before us does not disclose the disposition of the cases against Robinson and Martin. The jury found the defendant Wilson guilty of breaking and entering with intent to commit the felony of larceny and larceny as charged in the bill of indictment. From judgment on the verdict defendant appeals.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*Richard H. Robertson for defendant appellant.*

VAUGHN, J.

[1] Motion to nonsuit is properly denied if there is any competent evidence to support the allegations of the indictment, considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom. 2 Strong, N.C. Index 2d, Criminal Law, § 106.

[2] Evidence for the State tends to show the following. On 29 April 1969, Mrs. Esteven Taylor lived in an apartment. There were four other apartments in the building including one across the hall which was shared by Patricia Martin and Sarah Wallace. Mrs. Taylor left her apartment about 6:50 a.m. and upon returning from her day's work at 3:45 p.m. found that the lock to her front door had been removed. Her television set and a record player were missing. Sarah Wallace testified that she saw Thomas Wilson and Patricia Martin enter the Taylor apartment after Wilson took a hammer from his pocket and pulled the nails from the hinge. She watched Wilson put the television set in a taxi and drive off with Patricia and Joshua. Patricia, as a witness for the defense, denied entering the Taylor apartment. She testified that she first saw the television set when Wilson put it into the taxi and that she, Wilson and Joshua then went to Frank's Pawn Shop where after leaving the set, they separated. She testified that she received no money from the pawn

of the set and entered the pawn shop for the sole purpose of getting the cab fare which Wilson paid. Mrs. Taylor located her set at Frank's Pawn Shop the next day and identified it at the trial. Her record player was not found. Sarah Wallace, on cross examination, stated that Mrs. Taylor came home about 4 p.m. and that she did not talk to her until 8 p.m. because Wilson had threatened her.

It is apparent from a review of the record that there was substantial direct evidence of every element of the crime charged and that there was no variance between the indictment and the proof. The defendant's assignment of error based on the failure of the court to grant his motion for nonsuit is overruled.

[3] The defendant contends that the trial judge failed to instruct the jury that the requisite felonious intent must be applied to the specific crime alleged, that of intent to commit the felony of larceny. That part of the court's charge which the defendant sets out in his brief was merely a general outline of the applicable statute, G.S. 14-54, which the trial judge had just read. A reading of the entire charge discloses that thereafter the court correctly instructed the jury at least three times that they must find the breaking and entering to have been with the intent to commit the felony of larceny. When the charge of the court is considered contextually as a whole, as we are required to do, it is clear that the trial judge properly declared and explained the law arising on all phases of the evidence. *Nance v. Long*, 250 N.C. 96, 107 S.E. 2d 926.

We have carefully considered the defendant's remaining assignment of error relating to the charge to the jury and find no prejudicial error.

Affirmed.

BROCK and BRITT, JJ., concur.