CAROLINA POWER & LIGHT COMPANY v. JOHN W. MERRITT AND WIFE, EDITH R. MERRITT; WILLIAM D. MERRITT, JR.; JOHN W. MERRITT AND WILLIAM D. MERRITT, JR., EXECUTORS OF THE ESTATE OF WILLIAM D. MERRITT, SR., DECEASED

No. 809SC486

(Filed 6 January 1981)

1. Eminent Domain § 6.9— cross-examination of value witness

In an eminent domain proceeding in which a witness for respondents had offered his opinion that the highest and best use of the property was as a water impoundment area as contemplated by petitioner power company and that, in arriving at his estimation of the value of the land after the taking, he assumed that the landowners' remaining land would have no access to the water, respondent landowners were not prejudiced when petitioner cross-examined the witness as to the effect which access to the water would have on the value of the respondents' remaining property.

2. Eminent Domain § 5.4— instructions — intended use of property

Trial court in an eminent domain proceeding properly instructed that the jury should not consider any evidence of value based upon petitioner power company's intended use of the property, although some of respondent landowners' witnesses had testified that the highest and best use of the property was the same as that planned by petitioner.

3. Eminent Domain § 5.4— instruction on just compensation rule

The trial court's instruction in an eminent domain case that "the just compensation merely requires that the [landowners] should be paid for what is taken from them" could not have misled the jury into believing that it should not consider damages to the landowner's remaining land in determining the amount of compensation.

4. Eminent Domain § 6.5— non-expert value testimony —instructions

The trial court in an eminent domain proceeding did not err in failing to instruct the jury on the propriety of non-expert testimony as to value.

APPEAL by respondents from *Brannon, Judge*. Judgment entered 28 November 1979 in Superior Court, PERSON County. Heard in the Court of Appeals 12 November 1980.

Petitioner, Carolina Power & Light Company, (hereinafter CP&L) initiated this action in eminent domain under Chapter 40 of

the General Statutes of North Carolina. CP&L sought to acquire real property owned by respondents, the Merritts, for the purpose of constructing, maintaining, and operating a steam electric generating plant to supply electricity to the public.

Commissioners were named by order of the clerk of the superior court to appraise the property and determine the amount of compensation and damages due the Merritts by virtue of the taking. The commissioners assessed damages in the sum of $1,105,166, and CP&L excepted. Judge Hobgood confirmed the Report of the Commissioners. CP&L appealed and demanded a trial by jury on the issue of just compensation.

At trial, evidence for the Merritts tended to show that the highest and best use of the property was for industry or for a water impoundment or reservoir. The difference between the fair market value of the land before and after the taking ranged from $1,047,700 to $2,300,000.

Witnesses for CP&L testified that the highest and best use of the property was for agriculture and growing timber. They estimated the difference between a fair market value before and after the taking ranged from $238,388 to $273,400.

The issue presented to the jury was:

What amount, as just compensation, are the defendants Merritt (landowners) entitled to recover of petitioner, Carolina Power & Light Company, for the taking of 558.273 acres of their property and for damages, if any, to the defendants' remaining 241.115 acres?

The jury answered that the Merritts were entitled to $335,200. Judgment was entered in that amount plus interest and the Merritts appeal.

*Andrew McDaniel, Associate General Counsel, Carolina Power & Light Company, and Ramsey, Hubbard & Galloway, for petitioner appellee.*

*Jackson & Hicks, by Alan S. Hicks, for respondent appellants.*

MARTIN (Harry C.), Judge.

[1] Respondents first contend that the court erred in allowing their witness Satterfield to be questioned in an argumentative and specula-

tive manner during cross-examination, based on the following collo-quy:

> MR. McDANIEL: Mr. Satterfield, let me clarify this and make sure - asking you to make an assumption - just assume there will be access at some point to this reservoir to be constructed, do you think it would have any effect on the adjoining property to the reservoir as far as market value.

> MR. BRYANT: Objection, your Honor.
> COURT: Overruled. If he knows and has an opinion.

> MR. SATTERFIELD: Are you saying access at some point? Would you clarify that?

> MR. McDANIEL: Well, say you can get on the lake in a boat around the various points around the lake.

> MR. SATTERFIELD: Assuming you could do that five miles from Mr. Merritt's property, I don't see where it would make his property worth any more.

> MR. McDANIEL: What if you could do it a mile from his property?
> MR. BRYANT: Objection, your Honor.

> COURT: Try not to ask questions of a speculative nature, but the objection is overruled with that speculation.

> MR. SATTERFIELD: In my opinion, unless he had access from his property, I don't know that having access a mile away would necessarily increase the value of his property.

> TO THE OVERRULING OF OBJECTIONS TO THE ABOVE SET OUT QUESTIONS, THE APPEL— LANTS OBJECT AND HEREBY ASSIGN SAME AS THEIR EXCEPTION NO. 4.

> I recognize that the owners - the Merritt brothers - are part of the general public.

> MR. McDANIEL: But would it be fair to say that if there is an access ramp on or near this property that it would make a difference, in your opinion, as to value?

MR. BRYANT: Objection.

COURT: Overruled.

MR. SATTERFIELD: If they had access from their property to the lake, I would say it would increase the value of their property, in my opinion.

We are unable to interpret these questions as argumentative. *Cf. State v. Mason*, 295 N.C. 584, 248 S.E.2d 241 (1978), *cert. denied*, 440 U.S. 984 (1979) (question clearly argumentative where witness had twice responded "no" to same question); *In re Will of Kemp*, 236 N.C. 680, 73 S.E.2d 906 (1953) (argumentative questions concerning mental capacity of decedent).

It is true, as repondents point out, that speculative questions, those which assume facts not in evidence, are improper. *Rush (Cross) v. Beckwith*, 293 N.C. 224, 238 S.E.2d 130 (1977); *State v. Clontz*, 6 N.C. App. 587, 170 S.E.2d 624 (1969). In the present case, however, during direct examination witness Satterfield had offered his opinion that the highest and best use of the property "was as water impoundment area, such as a reservoir." In arriving at his estimation of the value of the land after the taking, he assumed that the Merritts' remaining land would have no access to water, and therefore assigned a lower value. After respondents themselves had offered this opinion, which the witness himself later categorized as "theoretical and potential," we fail to see how it could be prejudicial for petitioner to continue questioning the witness along the same line. The burden is on respondents to show prejudice from the admission of the testimony. *Board of Education v. Lamm*, 276 N.C. 487, 173 S.E.2d 281 (1970). No dollar value was assigned to the possible effect of access to water. Additionally, during the charge to the jury, Judge Brannon instructed them to reject "purely imaginative or speculative uses and values." Unlike the situation in *Light Company v. Creasman*, 262 N.C. 390, 137 S.E.2d 497 (1964), in which it was held that a similar instruction was insufficient to remove the prejudicial effect of a large amount of inadmissible and conjectural evidence, we hold that the court's admonition was adequate.

[2]  Respondents next assign error to the court's instruction that the jury should not consider any evidence of value based upon petitioner's intended use of the property. Respondents concede that this is a correct statement of the law. *Light Co. v. Moss*, 220 N.C. 200, 17 S.E.2d 10 (1941). They argue, however, that because some of respondents'

witnesses testified that the highest and best use of the property was the same as that planned by petitioner, the effect of the instruction was to withdraw respondents' evidence from the jury's consideration.

In *State v. Johnson*, 282 N.C. 1, 24, 191 S.E.2d 641, 657 (1972), the Court explained the rule for determining the value of property before a taking:

> In condemnation proceedings the determinative question is: In its condition on the day of the taking, what was the value of the land for the highest and best use to which it would be put by owners possessed of prudence, wisdom, and adequate means? "The owner's actual plans or hopes for the future are completely irrelevant." Such aspirations being "regarded as too remote and speculative to merit consideration." 4 Nichols § 12.314 (1971).

Here, the court properly charged the jury on the factors to consider in determining the value. Additionally, respondents failed to offer an instruction on the issue or to object during trial, thus waiving their right to now complain. *State v. Boyd,* 278 N.C. 682, 180 S.E.2d 794 (1971); *Doss v. Sewell,* 257 N.C. 404, 125 S.E.2d 899 (1962). The assignment of error is overruled.

**[3]** Similarly, we find no merit in respondents' contention that the court erred in instructing the jury that "[t]he just compensation rule merely requires that the Merritts should be paid for what is taken from them." This statement was made during Judge Brannon's discussion of the fair market value before the taking. Again, respondents concede that the court stated the correct principle for determining the amount of compensation, both before and after the excepted-to portion of the charge. Nor did respondents object to the instruction when it was given. The charge to the jury must be interpreted in context. Isolated portions will not constitute prejudicial error. *Nance v. Long,* 250 N.C. 96, 107 S.E.2d 926 (1959); *Coletrane v. Lamb,* 42 N.C. App. 654, 257 S.E.2d 445 (1979). There is no indication that the jury was misled by this instruction into believing they should not consider damages to the remaining land. The assignment of error is overruled.

**[4]** Respondents further protest the court's failure to instruct the jury on the propriety of non-expert testimony as to value. Any witness familiar with the property may testify as to his opinion of its value. *See*

*Highway Commission v. Privett,* 246 N.C. 501, 99 S.E.2d 61 (1957); *Light Co. v. Rogers,* 207 N.C. 751, 178 S.E. 575 (1935). Respondents' evidence was properly admitted without objection. The credibility of all the witnesses was for the jury to determine and the court so instructed, adding that the same guidelines apply to the testimony of expert witnesses, with consideration of their training, experience, knowledge, and ability if the jury so found. Respondents argue that an instruction such as they now propound should have been given without its tender because the issue was a "substantial feature" of the case. We find this argument frivolous, and reject the exception. We note that the jury returned a verdict for an amount greater than the damages estimated by petitioner's witnesses, although less than that estimated by respondents' witnesses. It is apparent that the jury evaluated the evidence submitted by both parties in arriving at their conclusion.

Last, respondents contend that the court erred in failing to instruct the jury further on the issue of just compensation. When the jury foreman questioned whether sentimental value should be considered in determining damages, Judge Brannon properly advised him it should not. *See In re Land of Alley,* 252 N.C. 765, 114 S.E.2d 635 (1960). The foreman's additional remarks indicated that the jury knew how to calculate fair market value and was not confused. Judge Brannon's instructions were entirely adequate under the circumstances. We find

No error.

Chief Judge MORRIS and Judge WEBB concur.