HELEN W. WHITMAN, BY HER GUARDIAN AD LITEM HARRY WILSON, PLAINTIFF V. HARVEY S. FORBES AND WIFE JOAN P. FORBES; J. ALLEN HARRINGTON, TRUSTEE, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SANFORD, DEFENDANTS

No. 8111SC393

(Filed 16 February 1982)

1. Evidence § 43— lay testimony as to mental condition

Lay witnesses were competent to state their opinions of plaintiff's mental condition as of the time they had the opportunity to observe her.

2. Evidence §§ 43, 45— lay opinion as to value—evidence of state of mind—basis for opinion as to mental condition

In an action to set aside the sale of a house by plaintiff to defendant on the ground of fraud, affidavits of lay witnesses stating opinions as to the value of the house were competent for consideration on a motion for summary judgment where the affidavits indicated that the witnesses had knowledge of the property and some basis for their opinions; furthermore, the fact that one affidavit also contained statements that the affiant was told by plaintiff that defendant had appraised the property at $37,500 and that plaintiff expected to clear $20,000 from the sale did not render the affidavit inadmissible as hearsay since it could be introduced to show plaintiff's state of mind or to serve as a foundation for the witness's opinion as to plaintiff's mental condition.

3. Trusts § 19— constructive trust—fraud—breach of fiduciary duty—mental incompetency to execute deed

Plaintiff's forecast of evidence on motion for summary judgment presented genuine issues of material fact for the jury as to whether a constructive trust should be imposed in favor of plaintiff on real property conveyed by plaintiff to defendant real estate broker on one or more of the following grounds: (1) that defendant broker, with actual or constructive knowledge that plaintiff was mentally incompetent, fraudulently induced her to transfer her property to him for a grossly inadequate price; (2) that defendant violated a fiduciary duty to plaintiff when he purchased the property in a business capacity; or (3) that plaintiff did not possess the requisite mental capacity to execute the deed to defendant.

4. Unfair Competition § 1— broker's fraudulent purchase of house—unfair and deceptive trade practice

A real estate broker's alleged fraudulent purchase of a house from plaintiff at a grossly inadequate price when he knew plaintiff was mentally incompetent would constitute an unfair and deceptive trade practice within the purview of G.S. 75-1.1.

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 5 February 1981 in Superior Court, LEE County. Heard in the Court of Appeals 19 November 1981.

Plaintiff, Helen Whitman, appeals from summary judgment granted to the defendants. In her Complaint, plaintiff, through her Guardian ad Litem, alleged that defendants engaged in fraudulent and unfair and deceptive trade practices in purchasing her home. She sought the imposition of a constructive trust and damages for unfair and deceptive trade practices. The defendants Forbes responded, denying the allegations and seeking summary judgment. Defendants Harrington and First Federal Savings and Loan Association responded, maintaining that they had no duty to protect plaintiff even if she were mentally ill, since her attorney was present at all times that they had dealings with her. These defendants also sought summary judgment.

*Paul Stam, Jr. for plaintiff appellant.*

*Harrington, Shaw & Gilleland, by J. Allen Harrington, for J. Allen Harrington and First Federal Savings and Loan of Sanford.*

*F. Jefferson Ward, Jr. for defendants Forbes.*

BECTON, Judge.

ISSUES RELATING TO DEFENDANTS FORBES

The plaintiff presents two arguments on this appeal relating to defendants Forbes. First, she argues that the court erred in refusing to allow her to call two witnesses to give supplemental oral testimony in opposition to defendants' motion for summary judgment. Second, she argues that the court erred in granting summary judgment for the defendants because genuine issues of material fact existed on plaintiff's constructive trust and unfair and deceptive trade practice claims. Because we agree that summary judgment should not have been granted, it is unnecessary to reach the first argument.

PROCEDURAL AND FACTUAL HISTORY

The plaintiff tendered evidence, affidavits and products of discovery, which would have shown the following. Plaintiff, a 64-year-old widow, obtained title to her home, the property in dispute here, after her husband died. She has a history of mental illness dating back several years prior to the date of the sale of her house in 1977. This illness or condition was described in affidavits from lay persons, her attorney, and a rehabilitation

therapist at a mental health center. Evidence was presented showing that the plaintiff had been committed to Dorothea Dix Hospital and that the Hospital had placed a lien on her property for payment of the indebtedness.

The plaintiff was unable to manage her affairs because of her mental condition. As a result, she became delinquent on a note owed to First Federal Savings and Loan Association of Sanford and she was behind in tax payments on the property. Because of her delinquency on the note, the Savings & Loan Association began foreclosure proceedings. Plaintiff was represented by an attorney at the statutory hearing before the Clerk of Superior Court. A public sale was set for 2 May 1977.

After the hearing, and before the date of the sale, plaintiff met with defendant Harvey Forbes (Forbes), a real estate broker, in an attempt to have her house sold. She consulted Forbes because they were members of the same church. Forbes appraised the plaintiff's house at $37,000. Other lay persons valued the property between $33,000 and $40,000. On 29 April 1977, the last business day before the foreclosure sale, the plaintiff conveyed the house to Forbes and his wife Joan Forbes for consideration of $19,332.65, such consideration included the assumption by Forbes of a loan in the amount of $16,332.65 and additional consideration of $3,000.00. Prior to the conveyance, Forbes conducted, or had conducted, a title search on the property. The check for $3,000.00 was drawn on Forbes' business account, not on his joint checking account with his wife. Further, all rentals collected from the property, some $10,250.00, have been paid to the Forbes business account.

In addition, plaintiff's evidence would show that there was no complete closing statement. Instead, there is a disbursement list. It is not signed by the parties or the attorney, and it omits the purchase price.

The defendants denied the plaintiff's allegations and attempted to show, through affidavits and records, that the plaintiff was mentally competent to execute the deed on 29 April 1977, that the fair market value of the house was closer to $18,000.00, and that Forbes did not know that plaintiff was a member of his church. Additionally, defendants maintained that any defects in

the "closing statement" were cured by the fact that plaintiff's attorney was paid to prepare the deed.

## SUMMARY JUDGMENT

*Law*

"Summary judgment is a drastic remedy and there must be a cautious observance of its requirements in order that no person might be deprived of a trial on a genuine disputed factual issue." *Miller v. Snipes*, 12 N.C. App. 342, 347, 183 S.E. 2d 270, 273 (1971), *cert. denied* 279 N.C. 619, 184 S.E. 2d 883 (1971). "[T]he party moving for summary judgment has the burden of positively and clearly showing that there is no genuine issue as to any material fact and any doubt as to whether such an issue exists must be resolved in the favor of the party opposing the motion." *Id.* at 344, 183 S.E. 2d at 272.

> The threshold inquiry in reviewing the propriety of the entry of summary judgment concerns whether genuine issues of material fact are raised by the pleadings and papers filed in conjunction with the motion. The burden is upon the party moving for summary judgment to show, in order to be entitled to judgment, that no such questions of fact remain to be resolved. [Citations omitted.] The movant's papers must be carefully scrutinized, while those of the opposing party are to be indulgently regarded. [Citations omitted.]

*Bank v. Belk*, 41 N.C. App. 328, 337, 255 S.E. 2d 430, 436 (1979), *disc. review denied* 298 N.C. 293, 259 S.E. 2d 299 (1979).

Rule 56(e) provides that parties may file affidavits in support of or in opposition to motions for summary judgment. In relevant part, it states that "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." G.S. 1A-1, Rule 56(e). Further,

> [e]vidence which may be considered [upon motion for summary judgment] includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, *and any other material which would be admissible in evidence* or of which judicial notice may properly be taken.

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971) (emphasis added).

## *Trial Court's Evidentiary Rulings*

We now turn to the trial court's evidentiary rulings which formed the bases for its decision to grant summary judgment for defendants Forbes. Most of the plaintiff's evidence is in the form of affidavits which describe her mental condition, give estimates of the value of her property, an state that Forbes had offered to buy or sell the property for approximately $37,000. Plaintiff may only rebut a motion for summary judgment with evidence or material which would be admissible at trial. Consequently, we must look at the evidence tendered to see if it would be admissible at trial.

[1]    A. The affidavits of the lay witnesses—Mrs. Kurz, Mrs. Mooneyham, Mrs. Partington and Mrs. Warner—regarding the plaintiff's mental condition would be admissible to the extent that these witnesses were able to observe the plaintiff. It does not matter that they did not see her on the day of the execution of the deed. *In re Will of Rose*, 28 N.C. App. 38, 220 S.E. 2d 425 (1975), *disc. review denied* 289 N.C. 614, 223 S.E. 2d 396 (1976). In *Rose* this Court stated that witnesses could state their opinions of the decedent's condition as of the time they had the opportunity to observe him. Further, this Court stated that the fact that the witnesses had seen decedent a month before the date of the execution of his will was not too long a lapse in time to prevent the witnesses from testifying. The Court said further that "[t]he jury . . . could infer that decedent was competent on the day in question from testimony that he was competent a month before or after. We believe, however, that this is an inference for the jury and not for the lay witness." *Id.* at 42, 220 S.E. 2d at 427. The affidavits of the lay witnesses contain evidence which could be admitted at trial. Even though the lay witnesses give conclusions in their affidavits, they do give some basis for their opinions.

The affidavit of Mrs. Warner, the therapist, is accompanied by the plaintiff's records from the Lee-Harnett Mental Health Center. These medical records contain notes by Warner summarizing plaintiff's visits to the clinic. They are admissible to show a basis for Warner's opinion. These affidavits and records

raise a genuine issue of material fact which should be submitted to the jury.

[2]   B. In attempting to show fraud on the part of Forbes, plaintiff tendered opinions as to the value of the property by lay witnesses to demonstrate the gross disparity between the fair market value and the consideration actually given. Lay opinions as to the value of the property are admissible if the witness can show that he has knowledge of the property and some basis for his opinion. *Wyatt v. Railroad*, 156 N.C. 307, 315, 72 S.E. 383 (1911); *Power & Light Co. v. Merritt*, 50 N.C. App. 269, 273, 273 S.E. 2d 727, 731, *disc. review denied* 302 N.C. 220, 276 S.E. 2d 914 (1981). Again, although the affaints made conclusory statements, they did give some basis for their opinions.

Forbes maintains that the affidavits submitted by plaintiff contain hearsay evidence and are inadmissible. We disagree. One of plaintiff's affidavits indicates that the affiant therein not only has an independent basis for her opinion as to the value of plaintiff's property but that she also was told by plaintiff that Forbes had appraised the property at $37,500 and that plaintiff expected to "clear $20,000 from the sale." Whether a given piece of evidence is inadmissible as hearsay depends upon the use to which the evidence is put. We believe that the affidavit in question may withstand the hearsay rule. That the affidavit contains statements made by plaintiff concerning the value of the house would not necessarily make it inadmissible. It may be introduced to show plaintiff's state of mind, or to serve as a foundation for the witness' opinion as to plaintiff's mental condition.

Having determined that the tendered evidence was admissible and that it should have been considered under Rule 56(e), we must now determine whether the tendered evidence was sufficient to raise a genuine issue of material fact regarding plaintiff's constructive trust or unfair and deceptive trade practice claims.

*Constructive Trusts*

[3]   The plaintiff has alleged that a constructive trust should be imposed in her favor on at least one of three grounds: (1) that Forbes, with either actual or constructive knowledge of her mental condition, fraudulently induced her to transfer her property; (2) that Forbes violated a fiduciary duty when he purchased the

property in a business rather than personal capacity; or (3) that plaintiff did not possess the requisite mental capacity to execute the deed. We agree with plaintiff.

Constructive trusts are created by law to prevent unjust enrichment, fraud or duress. They "[arise] independent of any actual or presumed intention of the parties. . . ." *Bowen v. Darden,* 241 N.C. 11, 14, 84 S.E. 2d 289, 292 (1954). It has also been said that

> constructive trusts, which are such as are raised by equity in respect to property which has been acquired by fraud, or where though acquired originally without fraud, it is against equity that it should be retained by him who holds it. This type of trust likewise arises purely by construction of equity independently of any contract or of any actual or presumed intention of the parties to create a trust and is generally thrust on the trustee for the purpose of working out the remedy. The relief in such cases is predicated on fraud and not on trust.

*Teachey v. Gurley,* 214 N.C. 288, 292, 199 S.E. 83, 87 (1938); *see also Electric Co. v. Construction Co.,* 267 N.C. 714, 719, 148 S.E. 2d 856, 860 (1966). Through her complaint and the affidavits presented on her behalf, the plaintiff's evidence tends to show that she was led to believe that her property would be bought by Forbes for $37,000 or in the alternative, sold by him for that amount when, in fact, Forbes had no intention of securing that amount for her benefit. These allegations the defendants deny.

In order to succeed on a theory of fraud, the plaintiff must show:

> (a) that defendant made a representation relating to some material past or existing fact;
> (b) that the representation was false;
> (c) that defendant knew the representation was false when it was made or made it recklessly without any knowledge of its truth and as a positive assertion;
> (d) that defendant made the false representation with the intention that it should be relied upon by [plaintiff];
> (e) that [plaintiff] reasonably relied upon the representation and acted upon it; and
> (f) that [plaintiff] suffered injury. [Citations omitted.]

*Johnson v. Insurance Co.*, 300 N.C. 247, 253, 266 S.E. 2d 610, 615 (1980); *see also Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E. 2d 494, 500 (1974).

> Allegations of fraud do not readily lend themselves to resolution by way of summary judgment because a cause of action based on fraud usually requires the determination of a litigant's state of mind. [Citations omitted.] A litigant's state of mind is seldom provable by direct evidence but must ordinarily be proven by circumstances from which it may be inferred. [Citation omitted.] This renders summary judgment inappropriate in a fraud case where the court is called upon to draw a factual inference in favor of the moving party, [citations omitted] or where the court is called upon to resolve a genuine issue of credibility. [Citations omitted.]

300 N.C. at 260, 266 S.E. 2d at 619.

Forbes relies upon his own affidavit, and other affidavits filed upon his behalf, to support his motion for summary judgment. The credibility of Forbes is a key issue in this case and, as this Court noted in *Bank v. Belk*, "where credibility is a key issue, summary judgment is seldom an appropriate procedure for resolution of the matter." 41 N.C. App. at 339, 225 S.E. 2d at 437.

Since there are allegations of fraud and denials of fraud, we agree with plaintiff that there exists a genuine issue of material fact regarding Forbes' intent. On this basis, we find that summary judgment was improvidently granted. If a trier of fact finds that the plaintiff was fraudulently induced to transfer her property to Forbes for the consideration she received, plaintiff would be entitled to have a constructive trust declared on the property.

We also find merit in plaintiff's second basis for imposing a constructive trust. A constructive trust may be imposed upon property gained as a violation of some duty. Recently, this Court held that a real estate broker stands in a fiduciary relationship with the seller. *Real Estate Licensing Bd. v. Gallman*, 52 N.C. App. 118, 123-25, 277 S.E. 2d 853, 855-56 (1981). In *Gallman*, a realtor purchased property listed with his firm for his own account and later resold it at a substantial profit, all without keeping the seller informed of offers that had been made on the property. We find the facts, as presented by plaintiff, to be strik-

ingly similar to *Gallman*. These facts are disputed or denied by the defendant. The resolution of the dispute should be made by a trier of fact.

The plaintiff also maintains that she lacked the requisite mental capacity to execute the deed on 29 April 1977. Whether she possessed the mental capacity to execute the deed is a question for the jury. There is conflicting evidence in the record regarding her mental condition. In addition, Forbes denies knowledge of plaintiff's alleged condition. The plaintiff asserts that Forbes had either actual or constructive knowledge of her mental condition as a title search would have revealed the Dorothea Dix lien on the property. If the plaintiff were to prevail on either theory, she would be entitled to have a constructive trust raised in her favor.

## Unfair and Deceptive Trade Practices

[4]   Plaintiff argues that the fraudulent acts and practices committed by the defendant amount to an unfair and deceptive trade practice for which she is entitled to damages. Because we hold that the issue of fraud in this case is one which must be resolved by a trier of fact, we do not believe that summary judgment was properly granted on the claim under G.S. 75-1.1.

Unfair competition and deceptive trade practices are terms which initially were not given precise definitions. However, our Supreme Court has given an indication of the scope of the terms.

> The concept of "unfairness" is broader than and includes the concept of "deception." [1974] 2 Trade Reg. Rep. (CCH) § 7521. A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. [Citation omitted.]

300 N.C. at 263, 266 S.E. 2d at 621.

> An act or practice is deceptive . . . if it has the capacity or tendency to deceive. [Citation omitted.] Proof of actual deception is unnecessary. [Citation omitted.] Though words and sentences may be framed so that they are literally true, they may still be deceptive. [Citations omitted.] In determining whether a representation is deceptive, its effect on the average consumer is considered. [Citation omitted.]

*Id.* at 265-66, 266 S.E. 2d at 622.

In an action under G.S. 75-1.1, the jury determines the facts and the court takes the facts as determined and decides whether there has been an unfair or deceptive trade practice. *Hardy v. Toler,* 288 N.C. 303, 310, 218 S.E. 2d 342, 346-47 (1975). "Proof of fraud would necessarily constitute a violation of the prohibition against unfair and deceptive acts. . . ." *Id.* at 309, 218 S.E. 2d at 346. Consequently, if the plaintiff succeeds in establishing fraud, she would be entitled to have her case considered under G.S. 75-1.1.

We believe the acts here, if proven, would constitute a deceptive trade practice. That is, if fraud existed and if the defendant knew of the mental condition of plaintiff, his acts would fall within the purview of the statute.

In conclusion, we hold that summary judgment was improvidently granted to the defendants Forbes since the plaintiff has shown, through a forecast of her evidence, that a genuine issue of material fact existed.

### ISSUES RELATING TO DEFENDANT HARRINGTON AND DEFENDANT SAVINGS & LOAN ASSOCIATION

Plaintiff contends that defendant Savings & Loan Association and defendant Harrington, as trustee for the Savings & Loan Association, were negligent (1) in not having a guardian ad litem appointed to represent her at the foreclosure hearing; (2) in notifying her that she could be evicted immediately after delivery of the deed; and (3) in notifying her that she would have to pay attorney's fees to the bank to stop the foreclosure, when nothing so demanded. We summarily reject these contentions as we find no duty running from these defendants to plaintiff. Further, even if it were true that defendant Harrington advised plaintiff that she could be evicted immediately, we perceive no injury to the plaintiff.

For the foregoing reasons, the judgment below is

Reversed as to defendants Forbes and

Affirmed as to defendant Harrington and defendant Savings and Loan Association.

Judge CLARK and Judge WHICHARD concur.