MARY H. FINNEY, Plaintiff
v.
RICHARD H. FINNEY, Defendant

No. COA12-292

Filed 15 January 2013

**1. Divorce—equitable distribution—valuation—marital home**

The trial court did not err in an equitable distribution case by its valuation of the marital home. Defendant husband satisfied the requirement that he have both a knowledge of the property and some basis for his opinion, and therefore, his testimony provided competent evidence for the trial court's finding regarding the value of the marital home.

**2. Divorce—equitable distribution—classification—bank accounts—separate property—misapplication of burden of proof**

The trial court erred in an equitable distribution case by its classification of the two pertinent bank accounts. Because the record contained conflicting evidence regarding the classification of the property as marital versus separate, it could not be concluded that the trial court's misapplication of the burdens of proof was harmless. The trial court must on remand determine, with appropriate findings of fact and conclusions of law, whether defendant husband met his burden of proving that the accounts constituted separate property.

**3. Divorce—equitable distribution—unequal—sufficiency of findings of fact**

The trial court erred in an equitable distribution case by making an unequal distribution of the marital estate. The trial court must make new findings of fact addressing the value of property owned separately by plaintiff wife and identify the statutory basis for its findings regarding defendant husband's use of separate property to buy or fund marital assets.

Appeal by plaintiff from judgment entered 15 July 2011 by Judge Monica H. Leslie in Haywood County District Court. Heard in the Court of Appeals 11 September 2012.

*Hyler & Lopez, P.A., by Stephen P. Agan and George B. Hyler, Jr., for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

GEER, Judge.

Plaintiff Mary H. Finney appeals from an equitable distribution order making an unequal distribution of the marital estate. Because we have concluded that the trial court misallocated the burden of proof with respect to the classification of certain property and because certain of the findings of fact are not supported by the record, we must reverse and remand for further proceedings.

Facts

Robert and Mary Finney were married on 29 May 1993. The two separated on 4 January 2006. Ms. Finney filed a complaint seeking divorce from bed and board, post-separation support, a writ of pos-

session on the marital home, equitable distribution, and attorneys' fees. Mr. Finney filed a verified answer on 15 February 2006.

The trial court entered an equitable distribution judgment on 15 July 2011. After making extensive findings regarding the identity, character, and value of the property at issue, the trial court determined the net value of the marital property for distribution to be $247,138.23. The court concluded that an unequal distribution of the marital property in favor of Mr. Finney was equitable. The court then divided the property with 60% of the value of the marital property ($148,283.00) awarded to Mr. Finney and 40% of the value of the marital property ($98,855.23) awarded to Ms. Finney. The court then ordered Mr. Finney to make a distributive award to Ms. Finney in the amount of $10,890.44. Ms. Finney timely appealed to this Court.

Discussion

" 'When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Williamson v. Williamson*, 217 N.C. App. 388, 390, 719 S.E.2d 625, 626 (2011) (quoting *Oakley v. Oakley*, 165 N.C. App. 859, 861, 599 S.E.2d 925, 927 (2004)). Those findings of fact not challenged on appeal are binding. *Peltzer v. Peltzer*, 222 N.C. App. 784, 787, 732 S.E.2d 357, 360, *disc. review denied*, 366 N.C. 417, 735 S.E.2d 186.

Equitable distribution is governed by N.C. Gen. Stat. § 50-20 (2011), which requires the trial court to conduct a three-step process: (1) classify property as being marital, divisible, or separate property; (2) calculate the net value of the marital and divisible property; and (3) distribute equitably the marital and divisible property. *Cunningham v. Cunningham*, 171 N.C. App. 550, 555, 615 S.E.2d 675, 680 (2005).

I

[1] Ms. Finney first contends that the trial court's valuation of the marital home was not supported by competent evidence because that valuation was based upon Mr. Finney's opinion of the value of the residence. The trial court made the following finding of fact as to the value of the marital home:

> 85. That at the time of separation of the parties the home had a fair market value of $249,000.00. The Defendant testified to his opinion of the FMV [fair

market value] based upon an appraisal. The Plaintiff did not offer evidence of the FMV on the DOS [date of separation], and the Court finds Defendant's figure to be credible. The value of the home on the date of separation was $233,473.44 (FMV-mortgage balance). Due to current market conditions in Haywood County, North Carolina, the home had a fair market value of $189,000.00 at the time of trial, which was the amount the home was listed for with an experienced local real estate agent as of the date of hearing. The Defendant testified to this figure, and the Plaintiff did not offer evidence on this point, and the Court finds this figure to be credible. The depreciation in value was passive and not due to the fault or actions of either party. The total amount of depreciation is $44,473.44.

Ms. Finney does not challenge the trial court's valuation of the marital home as of the date of separation. Nor does she dispute that Mr. Finney testified that the house, in his opinion, had a fair market value of $189,000.00 at the time of trial. And, as the trial court noted, Ms. Finney did not herself submit any evidence of the value of the home.

It is well established that "[l]ay opinions as to the value of the property are admissible if the witness can show that he has knowledge of the property and some basis for his opinion." *Whitman v. Forbes*, 55 N.C. App. 706, 711, 286 S.E.2d 889, 892 (1982). Further, the owners of property have generally been held to have both a knowledge and basis for the testimony as to the value of their property. *See Goodson v. Goodson*, 145 N.C. App. 356, 361, 551 S.E.2d 200, 204-05 (2001) (holding co-owner of property competent to testify as to value even though she did not know value of surrounding property). *See also N.C. State Highway Comm'n v. Helderman*, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974) ("Unless it affirmatively appears that the owner does not know the market value of his property, it is generally held that he is competent to testify as to its value . . . .").

At trial Mr. Finney testified that since the date of separation, his efforts to sell the marital home had not been successful, and he had come to understand, in consultation with the listing agent, that the value of the home as of the date of the trial was $189,000.00:

> Q. Okay. And have there been efforts since August 2008 to sell this home?

A. Yes, several.

Q. Okay. And do you have an opinion as to the fair market value of this home, at this time?

A. Yes, I do have an opinion.

Q. What is your opinion?

A. I've talked that over with the realtor, and 189,000.

Q. 189-?

Mr. Finney was a co-owner of the property and, therefore, was competent to testify as to its market value in the absence of evidence that he had no knowledge of the value of the property. Mr. Finney's testimony showed that he did have a basis for his valuation in that he had been engaged in a good faith effort to sell the home and his valuation was based on conversations with his real estate agent about the proper price for the house given market conditions. Mr. Finney satisfied the requirement that he have both a "knowledge of the property and some basis for his opinion" and, therefore, his testimony provided competent evidence for the trial court's finding regarding the value of the marital home. *Whitman*, 55 N.C. App. at 711, 286 S.E.2d at 892.

II

**[2]** Ms. Finney next contends that the trial court erred in determining that accounts at the North Carolina State Employees' Credit Union ("SECU")—(1) account # 7611644 and (2) account # 7414053—were separate property even though acquired during the marriage. Under N.C. Gen. Stat. § 50-20(b)(1), marital property includes "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection." N.C. Gen. Stat. § 50-20(b)(1) continues: "It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property under subdivision (2) of this subsection."

In applying this statute, this Court has explained that "[a] party claiming that property is marital has the burden of proving beyond a preponderance of the evidence that the property was acquired: by

either or both spouses; during the marriage; before the date of separation; and is presently owned." *Fountain v. Fountain,* 148 N.C. App. 329, 332, 559 S.E.2d 25, 29 (2002) (internal quotation marks omitted). " 'If the party meets this burden, then the burden shifts to the party claiming the property to be separate to show by a preponderance of the evidence that the property meets the definition of separate property.' " *Id.* at 332-33, 559 S.E.2d at 29 (quoting *Lilly v. Lilly,* 107 N.C. App. 484, 486, 420 S.E.2d 492, 493 (1992)). If both parties meet their burdens, the property is considered separate property. *Id.* at 333, 559 S.E.2d at 29.

The trial court made the following findings of fact and conclusions of law as to account # 7611644:

> 32. That *on July 18, 2000,* the Plaintiff and Defendant opened a joint money market account #7611644 as reflected in Plaintiff Exhibit 107a, with a deposit of $4,000.00. The $4,000.00 was an inheritance disbursement to Defendant. Defendant testified that he opened the #7611644 account to maintain funds inherited by him from family as he intended to maintain this account with inherited funds he intended to be disbursed to his children at a later time. Statements for this account came to Defendant, and he solely maintained this account and deposited only separate funds into it. Plaintiff never made deposits to this account during the course of the marriage.

> 33. *The Court finds that Plaintiff has not met her burden that SECU account #7611644 is marital, by the preponderance of the evidence.* North Carolina appellate courts have repeatedly held that "the deposit of [separate] funds into a joint account, standing alone, is not sufficient evidence to show a gift or an intent to convert the funds from separate property to marital property." *Manes v. HarrisonManes,* 79 N.C. App. 170, 172, 338 S.E.2d 815, 817 (1986). The Plaintiff has not met her burden of proving that the Defendant intended that the account be marital property, nor that any such intention was expressed in the conveyance. *Friend-Novorska v. Novorska,* 131 N.C. App. 508, 507 S.E.2d 900 (1998). This account is therefore Defendant's separate

> property. As of the DOS, the value of this account
> was $0.00, because the Plaintiff withdrew $7,000.00,
> and the Defendant withdrew the remainder (approx-
> imately $8,000.00), from the account on January 3,
> 2006, the day prior to the separation. The separate
> funds withdrawn by Plaintiff are addressed below.

(Emphasis added.)

With respect to account # 7414053, the trial court found that the account was established on 7 December 1995, during the marriage; the account was opened as a joint account; and various assets were received into the account during the marriage. The trial court then made the following conclusion of law:

> 57. *That the Court finds that Plaintiff has not carried*
> *her burden in establishing that SECU account*
> *#7414053 is marital property*, in that she has not
> established by the preponderance of the evidence
> that there was an intention that the account be mar-
> ital property, nor that that intention was expressed
> in the conveyance. The Court therefore classifies
> this account as Defendant's separate property. The
> amount in the account on the DOS was $3280.50.

(Emphasis added.)

The court's conclusions of law that Ms. Finney did not meet her burden of showing that the SECU accounts # 7611644 and # 7414053 were marital property misapply the law. The trial court's own findings establish that the property was acquired by one of the spouses, during the marriage and before the date of separation, and that the property was presently owned. Under *Fountain*, Ms. Finney had, therefore, satisfied her burden of proof on the issue whether the property was marital. *Id.* at 332, 559 S.E.2d at 29. The burden then shifted to Mr. Finney to prove by a preponderance of the evidence that the accounts were separate property. *Id.* at 332-33, 559 S.E.2d at 29.

At trial, although Mr. Finney asserted he had allowed Ms. Finney access to both of these accounts in 2002 only because of his diagnosis of cancer, evidence was also presented that both accounts were set up as joint accounts in 1995, one of Mr. Finney's paychecks was deposited into account # 7414053, and the parties' joint tax refund check was deposited into account # 7611644 in March 2000. Because

the record contains conflicting evidence regarding the classification of the property as marital versus separate, we cannot conclude that the trial court's misapplication of the burdens of proof was harmless. We must, therefore, reverse and remand with respect to the classification of the two SECU accounts.

### III

**[3]** Ms. Finney next contends that the trial court erred in determining that there should be an unequal distribution of marital property in favor of Mr. Finney. The trial court's equitable distribution award is reviewed for an abuse of discretion and will be reversed "only upon a showing that it [is] so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

If the trial court decides that an equal division of the property is not equitable, then the court must make findings of fact as to each of the factors set out in N.C. Gen. Stat. § 50-20(c) for which evidence was presented. *Plummer v. Plummer*, 198 N.C. App. 538, 543, 680 S.E.2d 746, 750 (2009). Ms. Finney contends that certain of the trial court's findings on those factors are not supported by competent evidence.

First, Ms. Finney points to the court's finding that "Plaintiff owned the [sic] 14 acres of separate real property which she believed to be valued at $123,000.00[.]" We agree with Ms. Finney that the record contains no testimony that she believed the 14 acres were valued at $123,000.00. It appears that the trial court confused this acreage with Ms. Finney's condominium—an entirely different asset—which she indeed purchased for $123,000.00.

Ms. Finney also challenges the trial court's finding of fact that Ms. Finney "paid $20,000 as a down payment" on the condominium. Ms. Finney gave the following testimony relevant to this finding of fact:

Q. Okay. Did you make a down payment?

A. I did.

Q. How much?

A. 13- or 14,000.

Q. What was the source of those funds?

A. They were from my mother's home. She had passed away in December, before I bought my house,

and we—my brother's family sold them the house and we each got one-fifth share, and that was my check.

Q. Okay. You got half of 13,000?

A. No, I got a little bit less than 20,000.

Q. So a little under 20-. Okay. And then did you pay a mortgage for the balance of the price?

A. Did I what?

Q. Take out a mortgage for the balance?

A. Yes.

The testimony is not sufficient to support the trial court's finding that a $20,000.00 down payment was made on the condominium. Although counsel's questions are a bit confusing, Ms. Finney's testimony indicates that she received a little less than $20,000.00 from the sale of her mother's home and paid $13,000.00 or $14,000.00 as a down payment on her condominium. There is no testimony to support the finding that Ms. Finney paid $20,000.00 as a down payment on her condominium.

Ms. Finney also challenges the trial court's finding that the condominium had a fair market value of $110,000.00 at the time of the trial. At two points in her testimony, Ms. Finney addressed the value of her condominium. Counsel for Mr. Finney asked Ms. Finney for her opinion of the fair market value of the condominium, and she replied: "Well, in light of (inaudible), I think probably no more than 102-."

Later, when questioned by her own attorney, Ms. Finney testified as follows:

Q. All right. Now, the condo that you said has a fair market value of no more than $110,000 to [Mr. Finney's attorney's] question. What do you owe on it, as of today?

A. I'm sorry?

Q. [Mr. Finney's attorney] asked you about the fair market value of your condo, and you said no more than $110,000. How much do you owe on that condo, as of today?

A. I think it's about 108,000.

Q. And have condos in that condo unit sold recently?

A. Yes, they have. There were 13 for sale. The one next to me sold for 105,000.

Q. Is it comparable to yours?

A. Yes, its identical.

Thus, at one point, the transcript indicates that Ms. Finney testified that the value of her condominium was $102,000.00, but her attorney's questions later seemed to indicate that Ms. Finney had testified that the condominium was worth $110,000.00. While Ms. Finney did not specifically adopt her attorney's figure, she also did not correct her attorney, and the sales price of an identical condominium exceeded the $102,000.00 figure.

Ms. Finney claims that the confusion in testimony was the result of a transcriptionist's error. We cannot resolve that question on appeal, but, based on the transcript, we cannot say that the trial court's finding of fact lacked support in the record. Nonetheless, because we must remand due to other errors, if the transcript mistakenly recorded either the testimony or the questions, that mistake can be corrected on remand.

Finally, Ms. Finney contends that the trial court erred in considering whether there was "[a]ny direct contribution to an increase in value of separate property which occurs during the course of the marriage" in distributing the marital property in this case pursuant to N.C. Gen. Stat. § 50-20(c)(8). The trial court made the following findings potentially relevant to that statutory factor:

159. That Defendant purchased a vehicle for the parties use during the marriage out of his separate funds.

160. That Defendant made a substantial down payment on the marital home out of his separate funds.

161. That Defendant established an IRA account for Plaintiff funded with his separate funds to supplement her retirement income.

162. That Plaintiff offered to put some of the money she made selling her separate real property towards the mortgage on the marital home, but Defendant declined the offer.

Although Ms. Finney asserts that these findings necessarily relate to the N.C. Gen. Stat. § 50-20(c)(8) factor, our courts have considered one spouse's contribution of separate property to acquire marital property under N.C. Gen. Stat. § 50-20(c)(12) (allowing the court to consider "[a]ny other factor which the court finds to be just and proper"). *See, e.g., Collins v. Collins*, 125 N.C. App. 113, 116, 479 S.E.2d 240, 242 (1997) ("[T]his Court has previously held that a spouse's contribution of his separate property to the marital estate is a distributional factor under N.C. Gen. Stat. § 50-20(c)(12)."). *See also* Suzanne Reynolds, 3 *Lee's North Carolina Family Law* § 12.95(c)(iii), at 285-87 (5th ed. 2002). On remand, the trial court should clarify to which statutory factor its findings apply.

Ms. Finney's other arguments address the weight that the trial court should have given each factor. Because we remand the case for further findings of fact regarding the evidence relating to those factors, we need not address whether the trial court abused its discretion in weighing those factors.

## Conclusion

Because the trial court misapplied the burdens of proof with respect to the classification of the SECU accounts, the court must on remand determine, with appropriate findings of fact and conclusions of law, whether Mr. Finney met his burden of proving that the accounts constituted separate property. Further, the trial court must make new findings of fact addressing the value of property owned separately by Ms. Finney and identify the statutory basis for its findings regarding Mr. Finney's use of separate property to buy or fund marital assets. Once the court makes those findings, it must then decide again on an equitable distribution of the property.

Reversed and remanded.

Chief Judge MARTIN and Judge STROUD concur.